IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MATTHEW J. DONLIN,**

    **Plaintiff,**

**vs.**        Civ. No. 17-395 JCH/JHR

**PETCO ANIMAL SUPPLIES STORES, INC.**
**A Foreign Profit Corporation,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on an issue left unresolved in the Court's ruling on the *Motion for Summary Judgment* (ECF No. 52) filed by Defendant Petco Animal Supplies Stores, Inc. ("Petco") and on Petco's *Opposed Motion to Continue Trial Setting* (ECF No. 78).[1] This matter is set for trial on the Court's trailing docket on November 15, 2021. Petco moves to continue the trial because the ruling on the supplemental briefing is outstanding and may affect the witnesses and exhibits the parties need at trial. The Court, having considered the motion for summary judgment, briefs, supplemental briefs, evidence, and applicable law, will deny Defendant's motion for summary judgment on the retaliatory discharge claim. The Court finds that Defendant waived the issue of causation by failing to raise it in its summary judgment briefs. Moreover, the Court finds that the evidence presents a close enough factual question on causation that the jury should consider the issue. Given the resolution of this issue, the Court will deny Defendant's motion to continue trial.

---

[1] The Court has not waited for Defendant's reply in support of its motion to continue because of the need to give the parties sufficient notice that trial will proceed to allow them to prepare for that trial.

On February 12, 2021, this Court entered a Memorandum Opinion and Order on Defendant's *Motion for Summary Judgment*, granting the motion in part and denying it in part. (*See* Mem. Op. and Order 35-36, ECF No. 71.) The Court denied the motion to the extent Plaintiff's claims under the Family Medical Leave Act ("FMLA"), New Mexico Human Rights Act ("NMHRA"), and Americans with Disabilities Act ("ADA") arise from Defendant's failure to reinstate Plaintiff to his position on May 10, 2015. (*Id.* at 1, 35.) The Court granted the motion for summary judgment on Plaintiff's claims for violation of the FMLA, NMHRA, and ADA to the extent the claims rely on the theory that Defendant unlawfully failed to reinstate him in August 2015 and unlawfully terminated his employment in January 2016 for failing to provide clarifying information on his work restriction. (*Id.* at 35-36.)

The Court explained that it was not prepared to say, based on the partial summary judgment ruling, "what the combined effect of these rulings portends for causation and damages in this case and will not delve into these issues herein because they were not briefed." (*Id.* at 32). In examining Defendant's request for summary judgment on Plaintiff's retaliatory discharge claim, the Court concluded that Petco's arguments did not support dismissal of the claim. The Court, however, then noted that a causation issue arises based on the Court's ruling, but Petco did not expressly argue that Donlin cannot satisfy the third element of the retaliatory discharge claim – the causal connection between the employee's protected actions and the termination. (*Id.* at 34-35.) Because of the changed posture of the case, the Court requested that the parties submit additional briefing to address the issue of whether Defendant terminated Plaintiff's employment as a result of its failure to reinstate him in May 2015 or whether intervening events broke the causal chain. (*Id.* at 36.)

The parties timely filed their supplemental briefs. (*See* Def.'s Supp. Br., ECF No. 74; Pl.'s Br., ECF No. 75). In Plaintiff's brief, Plaintiff argues that the causation issue was waived by Petco by its failure to address the issue in the initial summary judgment briefing, and thus this Court should not raise the issue on its own accord. Additionally, Plaintiff asserts that this case should proceed to trial because factual issues exist as to causation.

The Court agrees with Plaintiff on both points. Petco's initial summary judgment motion did not expressly argue that Plaintiff cannot satisfy the causation element of his retaliatory discharge claim, and therefore this issue is waived. *See Bronson v. Swensen,* 500 F.3d 1099, 1104 (10th Cir. 2007) ("we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992) (issues designated for review are waived if not actually argued in the party's brief); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990) (failure to argue issue in appellate brief constitutes waiver, even when issue is listed in appellant's notice of appeal).

Moreover, the evidentiary record concerning whether Petco terminated Plaintiff's employment as a result of its failure to reinstate him in May 2015 on Plaintiff's request to return from FMLA leave presents a sufficient factual question to send the question to a jury. The plaintiff has the burden of proving that the tortious act was a cause of his injuries and damages. *See Wilcox v. Homestake Mining Co.*, 619 F.3d 1165, 1166 (10th Cir. 2010); N.M. U.J.I. 13-302B. Generally, the jury determines the issue of causation, but the issue becomes one of law if the facts are not in dispute and the reasonable inferences to be drawn therefrom are plain and consistent. *See Thompson v. State Farm Mutual Automobile Ins. Co.*, 789 F. App'x 90, 93 (10th Cir. Nov. 29, 2019) (unpublished) (explaining that, because state law emphasizes that proximate causation is generally a fact question for jury, a court may decide proximate causation as a matter of law "only

when reasonable minds could reach but one conclusion from the evidence"); *Adamson v. Highland Corp.*, 1969-NMCA-007, ¶¶ 10-11, 450 P.2d 442. *See also Galvan v. City of Albuquerque*, 1973-NMCA-049 ¶ 12, 508 P.2d 1339 ("Where reasonable minds may differ on the question of proximate cause, the matter is to be determined by the fact finder. Where the facts are not in dispute and the reasonable inferences from those facts are plain and consistent, proximate cause becomes an issue of law.") (internal citation omitted).

For the tort of retaliatory discharge, the causation question is whether the conduct protected by public policy was a motivating factor in the decision to discharge the employee. *See* N.M. U.J.I 13-2304. "A motivating factor is a factor that plays a role in the decision to discharge," but it does not need to be "the only reason, nor the last nor latest reason, for the discharge." *Id.* Plaintiff has presented enough facts that are in dispute on whether a motivating factor in Defendant's termination of Plaintiff's employment was the fact that Plaintiff used leave and attempted to return to work in May 2015. The reasonable inferences from the facts are not so plain and consistent that the Court should decide the issue as a matter of law. Instead, the Court will submit the retaliatory discharge claim to the jury at trial.

**IT IS THEREFORE ORDERED** that:

1. The Court will not grant summary judgment to Defendant on Plaintiff's retaliatory discharge claim.
2. Defendant's *Opposed Motion to Continue Trial Setting* (**ECF No. 78**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE